

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00389-CR

**DAVID RIVERA, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court Cause No. DC-2023-CR-2055, Honorable William R. Eichman, II, Presiding

July 31, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant David Rivera appeals his conviction for the offense of possession of a controlled substance (Methamphetamine) in an amount of four grams or more, but less than 200 grams[1], and resulting sentence of 10 years' incarceration. By his single issue, he argues the trial court erred by denying his motion to suppress. We affirm the trial court's judgment.

---

[1] TEX. HEALTH & SAFETY CODE § 481.115 (a), (c).

BACKGROUND

On the night of May 25, 2023, Corporal Wesley Haulk and Officer John Rangel of the Lubbock Police Department were patrolling a high-crime area of east Lubbock. The officers observed a vehicle without a visible front license plate. After turning around to follow the vehicle, the officers noticed a temporary paper tag on the vehicle, but they could not read the tag. The officers initiated a traffic stop.

Appellant did not immediately stop, making several turns through a residential area before pulling into a driveway. Appellant eventually parked the car at a house, exited the vehicle, and walked to the rear of his vehicle. As a safety precaution, Officers then placed Appellant in handcuffs and spoke with him. To justify his failure to stop, Appellant repeatedly claimed the brakes were not working properly on the vehicle. However, the officers observed the vehicle slowing down for multiple turns and coming to a complete stop at an intersection. Appellant also stated the vehicle was not his and requested the insurance information from someone inside the residence rather than allowing the police officers to obtain it from the vehicle.

After speaking with Appellant, the officers ran Appellant's information and found an outstanding warrant for a traffic ticket. Officers arrested Appellant pursuant to that warrant, also mentioning grounds for the offense of eluding a police officer. During the ensuing search incident to arrest of Appellant's person, officers discovered a pocketknife and a small baggie in Appellant's pocket that contained a green leafy substance. Both officers testified that they recognized this substance as marijuana based on their training and experience. Following this discovery and after officers placed Appellant in the back

seat of the patrol vehicle, the officers conducted a search of Appellant's vehicle. During the search, Corporal Haulk located a quart-sized, clear plastic bag containing a white, crystal-like substance, which was later tested by the Texas Department of Public Safety and determined to be Methamphetamine.

Appellant was indicted as previously identified. Appellant filed a pretrial motion to suppress evidence obtained by the police in connection with the search of his vehicle on the grounds that the police lacked probable cause to perform the search. At the motion to suppress hearing on August 13, 2025, both arresting officers testified to the traffic stop, the circumstances surrounding the Appellant's arrest, Appellant's demeanor, the search of Appellant's person, and the discovery of the alleged marijuana. The officers also testified about their hesitancy to search the vehicle due to their perceived lack of probable cause, and they characterized the subsequent search of the vehicle as a "frisk" for weapons. However, there was additional testimony that after locating the alleged narcotics on the arrestee and based on Appellant's actions throughout the traffic stop, officers had reason to believe the vehicle could contain evidence. Ultimately, the trial court denied the motion to suppress, stating on the record that the totality of the circumstances did not weigh in favor of suppression despite the officer's subjective belief at the time.

On August 25, 2025, Appellant pleaded not guilty, and he re-urged his motion to suppress at trial. The jury found Appellant guilty. The trial court assessed punishment of ten years' confinement. Appellant filed a motion for new trial, which was denied by operation of law. Appellant timely filed this appeal.

3

By his sole issue, Appellant contends that the trial court abused its discretion when it overruled his motion to suppress evidence seized during the search of his vehicle. He does not contest the lawfulness of the traffic stop or his subsequent arrest. Rather, Appellant argues the officers did not have probable cause to perform the search of his vehicle after the arrest and search of his person. We disagree.

A motion to suppress is a specialized objection regarding the admissibility of evidence. *Moore v. State*, No. 07-24-00357-CR, 2025 Tex. App. LEXIS 6692, at *4 (Tex. App.—Amarillo 2025, pet. ref'd) (citing Hall v. State, 303 S.W.3d 336, 342 n.9 (Tex. App. —Amarillo 2009, pet. ref'd)). Such a motion is the proper remedy when evidence is illegally obtained in violation of a defendant's rights. *Id*.

We review a trial court's denial of a motion to suppress for an abuse of discretion and apply a bifurcated standard of review, affording almost complete deference to the trial court's determination of historical facts, especially when those determinations are based on assessments of credibility and demeanor. *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016) (citing *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010)). However, applications of law are reviewed de novo. *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019). When, as here, the trial court does not make express findings of fact, we view the evidence in the light most favorable to the trial court's ruling and will assume it made findings that are consistent with its ruling and that are supported by the record. *Igboji v. State*, 666 S.W.3d 607, 612 (Tex. Crim. App. 2023). If the trial court's ruling is reasonably supported by the record and is correct on any theory of law applicable

4

to the case, the reviewing court will sustain it upon review. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996).

The Fourth Amendment prohibits unreasonable searches and seizures by government officials. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). In *Arizona v. Gant*, the Supreme Court limited authorization to search a vehicle incident to arrest to include "when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Gant*, 556 U.S. 332, 335 (2009). However, an officer is not limited to the offense of the arrest for search-incident-to-arrest purposes. *See State v. Sanchez*, 538 S.W.3d 545, 549–51 (Tex. Crim. App. 2017). If there is probable cause to arrest for a newly discovered offense and the search occurs close in time to the defendant's formal arrest, an officer may conduct a search incident to arrest on the basis of an offense discovered after formal arrest for a different crime. *Id.* at 551. Additionally, a warrantless search of a vehicle is reasonable if law enforcement officials have probable cause to believe that the vehicle contains contraband. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).

"Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular location." *State v. Baldwin*, 664 S.W.3d 122, 130 (Tex. Crim. App. 2022). A piecemeal analysis of the circumstances is prohibited. *See Wiede,* 214 S.W.3d at 25. The probable cause standard does not demand certainty; it is met so long as there is a "fair probability" that evidence of criminal activity will be found. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The test for probable cause is an objective one, unrelated to the subjective beliefs of the

arresting officer. *Scott v. State*, 572 S.W.3d 755, 762 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing Amador v. State, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009)).

Here, when we view the totality of the circumstances objectively and in the light most favorable to the trial court's ruling, there was probable cause to search Appellant's vehicle. The video evidence clearly showed that Appellant did not immediately stop when the officers initiated the traffic stop even though there was ample opportunity for Appellant to do so. Both officers testified that this behavior is commonly associated with an attempt to conceal contraband or weapons within the vehicle or to reach a location before the vehicle can be impounded. Corporal Haulk also testified, without objection, that he considered the area "high-crime" and that the stop occurred close to midnight, a time he testified heightens officer-safety concerns. Once stopped, Appellant immediately exited the vehicle unprompted and retreated to the trunk area rather than remaining inside. Corporal Haulk testified this is "usually a red flag" indicating an effort to distance oneself from anything illegal in the vehicle. Officer Rangel similarly testified that once a driver has separated himself from a vehicle in that manner, officers do not know what may be inside and do not want to allow the person to return to it. When questioned, Appellant's explanation related to his brakes was inconsistent with the officers' observations.

In isolation, the circumstances of the traffic stop and Appellant's conduct do not raise probable cause to search the vehicle, but when combined with the subsequent discovery of suspected narcotics on Appellant's person, the totality of the circumstances created probable cause. Both officers testified to the decision to arrest Appellant and the search of his person that followed. The video evidence corroborated their accounts. As part of his testimony at trial, Corporal Haulk testified that the discovery of marijuana on

6

Appellant's person, when considered together with all the other circumstances, led him to believe that additional narcotics or drug paraphernalia could be located inside the vehicle. Officer Rangel similarly testified that finding what he believed to be narcotics on Appellant led him to believe that there could be further evidence of narcotics in the vehicle.

Part of Appellant's argument focuses on the possibility that the suspected marijuana was never distinguished from legal hemp and the lack of laboratory testing confirming the same. But the probable cause standard does not demand certainty. *Gates*, 462 U.S. at 238. Even with the legalization of hemp, officers are not required to be certain or have actual confirmation that a substance they believe to be marijuana is in fact marijuana and not hemp. *State v. Gonzales*, 676 S.W.3d 261, 268 (Tex. App.—Dallas 2023, no pet.). Both officers indicated they recognized the substance as marijuana based on their training and experience, and "[p]robable cause 'exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence pertaining to a crime will be found.'" *Hyland v. State*, 574 S.W.3d 904, 910 (Tex. Crim. App. 2019) (quoting *Washington v. State*, 660 S.W.2d 533, 535 (Tex. Crim. App. 1983)). The possibility that the suspected illegal substance might later prove to be something else does not negate the probable cause that existed at the time of the search.

Appellant also argues the officers stated their subjective beliefs regarding the lack of probable cause. At the suppression hearing, both officers indicated they subjectively questioned having probable cause to search the vehicle and labeled their search a "frisk". However, the trial court correctly recognized that the probable cause evaluation is an

objective one, unrelated to the officers' subjective beliefs at the time. *See Amador v. State*, 275 S.W.3d at 878.

In viewing the evidence in the light most favorable to the trial court's rulings, the objective facts contained in the record assessed through the totality of the circumstances rather than in isolation gave rise to a fair probability that the vehicle would contain additional contraband or evidence at the time of the search. Because the subsequent search was based on probable cause, the trial court did not abuse its discretion in denying Appellant's motion to suppress and admitting the evidence found. We overrule his single issue.

## CONCLUSION

Having found no abuse of discretion by the trial court and having overruled Appellant's sole issue, we affirm the judgment of the trial court.

Laura A. W. Pratt
Justice

Do not publish.

8